# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DOES 1–7,<br><br>              *Plaintiffs,*<br><br>    v.<br><br>BOSSIER PARISH SCHOOL BOARD and SCOTT SMITH in his official capacity as Bossier Parish Superintendent,<br><br>              *Defendants.* | Civil Docket No. 5:18-cv-152<br><br>CHIEF JUDGE HICKS<br><br>MAGISTRATE JUDGE HORNSBY |

**DECLARATION OF RICHARD B. KATSKEE IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION TO PROCEED USING PSEUDONYMS**

I, Richard B. Katskee, declare that, if called upon, I would testify to the following:

    1.    I have served as Legal Director at Americans United for Separation of Church and State since September 2015 and am counsel to Plaintiffs in this case.

    2.    I was Assistant Legal Director at Americans United from 2004 through 2010.

    3.    During my two tenures at Americans United, I have litigated numerous cases in federal and state trial and appellate courts and in the U.S. Supreme Court that were brought under the Religion Clauses of the First

1

Amendment to the U.S. Constitution, including cases that involved claims, as here, of Establishment Clause violations in public schools.

4. From 2012 through 2015, I was a member of the Supreme Court and Appellate Practice at Mayer Brown LLP in Washington, DC, and at the same time I served on Americans United's Board of Trustees. During that period, I worked through Mayer Brown as *pro bono* counsel for Americans United and other religious and civil-rights organizations on several more church-state cases, including cases involving claims of Establishment Clause violations in public schools.

5. As counsel, I have personal knowledge and experience of numerous incidents of extreme harassment suffered by plaintiffs in Establishment Clause cases. What follows are just a few representative examples:

6. In *Kitzmiller v. Dover Area Public Schools*, 400 F. Supp. 2d 707 (M.D. Pa. 2005), I represented the parent-plaintiffs who successfully challenged the inclusion of intelligent-design creationism in the ninth-grade-biology curriculum at a public high school in Dover, Pennsylvania. Several of the plaintiff families in *Kitzmiller*—that is to say, my clients—were subjected to harassment and threats—as was the presiding judge who ruled in their favor. Among other incidents:

- The plaintiffs' children were harassed at school. For example, one child, who is Catholic, was told that she "could no longer believe in evolution and still be a Christian." EDWARD HUMES, MONKEY GIRL: EVOLUTION, EDUCATION, RELIGION, AND THE BATTLE FOR AMERICA'S SOUL 203 (2007). The plaintiffs' children were branded and taunted in school with the labels "ape boy" and

2

"monkey girl." *Id.* at 183, 222. One was challenged in class about "whether she believed she came from monkeys and why her parents were causing all this trouble." MATTHEW CHAPMAN, 40 DAYS AND 40 NIGHTS: DARWIN, INTELLIGENT DESIGN, GOD, OXYCONTIN AND OTHER ODDITIES ON TRIAL IN PENNSYLVANIA 69 (2007).

- The plaintiffs were victims of harassment in the community. For example, one couple, who both of whom are Christian and ran their church's Vacation Bible School, was attacked as atheists, taunted in public, and told that "we're not the right kind of Christians, you know, we're not actually Christians...." CHAPMAN, *supra*, at 69.

- At least two *Kitzmiller* plaintiffs received death threats. One particularly disturbing threat came in the form of a note that the plaintiff received in the mail, with no return address but a local postmark. Referring to one of the plaintiffs in *Engel v. Vitale*, 370 U.S. 421 (1962) (successfully challenging officially composed prayer in New York public schools), the note said that "Madalyn Murray O'Hair was murdered." Ms. O'Hair and her adopted daughter disappeared in 1995; their mutilated bodies were found in a shallow grave in Texas in 2001. *See* LAURA LEBO, THE DEVIL IN DOVER 213 (2008). The note to the *Kitzmiller* plaintiff pointed out that O'Hair "had a daughter too." It then warned: "I sure would hate to be in your shoes, or your daughters [sic] shoes. God hates sin. All these young people being killed in auto wrecks look out when your day comes.... Watch out for a bullet." *Id.* at 213–14. The note

3

threatened: "What happened to [O'Hair] can happen to you." A rifle cartridge was included in the envelope. I personally reported this threat to the FBI and Pennsylvania State Police.

- The presiding judge, the Honorable Judge John E. Jones III of the U.S. District Court for the Middle District of Pennsylvania, received "a constant barrage of death threats" after issuing his decision in the case, causing the Federal Marshal Service to put special protective details on him and his family. Ron Knox, *Judge in Dover I.D. Case Touts Legal Independence*, LAWRENCE JOURNAL-WORLD (Sept. 27, 2006), http://tinyurl.com/r6yol; *see also, e.g.*, LEBO, *supra*, at 213; Amy Worden, *Judge in Dover Case Still Fighting: John E. Jones III Is Using the Intelligent-Design Debate to Answer His Critics and Talk about Judicial Independence*, PHILLY.COM (June 4, 2006), http://tinyurl.com/h3525te.

7.    In *Musgrove v. School Board*, No. 6:05-cv-00747 (M.D. Fla.), I represented a high-school student and her parents who obtained a successful settlement of their challenge to a public-school district's holding of graduation ceremonies in a church. Because of her participation in the suit, the student was harassed both in and out of school and was physically assaulted in a parking lot, pushed to the ground, and physically injured.

8.    In *Glassroth v. Moore*, 335 F.3d 1282 (11th Cir. 2003), Americans United represented the plaintiffs who successfully challenged the placement by then-Chief Justice Roy Moore of a Ten Commandments monument in the Alabama

4

State Judicial Building. A plaintiff not only had her law practice boycotted and her home, law office, and car vandalized, and the windows of her home shot out, but she received several death threats, including one from an anonymous caller who threatened that she should be "hog-tied and thrown in the Escambia River, like that girl was last year"—a reference to a brutal murder in the area. *See, e.g.*, Rob Boston, *Plucky Lindy*, CHURCH & STATE 11–12 (Apr. 2004), http://tinyurl.com/h47gja2. The plaintiffs ultimately received protection from law enforcement because of the threats to her and her aged, ailing parents. Likewise, plaintiff's lead counsel, Ayesha N. Khan, former Legal Director of Americans United, received a protective detail because of threats that the FBI found to be credible.

9. In *Wynne v. Town of Great Falls*, 376 F.3d 292 (4th Cir. 2004), Americans United represented the plaintiff who successfully challenged the prayer practice at meetings of a town council. The plaintiff became the target of extreme harassment and intimidation that involved, among other things, the beating and killing of her pets and at least ten incidents when her home was vandalized. In one incident, her home was broken into; her pet parrot was beheaded and its heart was cut out; and its body was left with a note warning, "You're next!" *S.C. Prayer Plaintiff Faces Wrath of Community Over Lawsuit*, CHURCH & STATE 20 (Nov. 2004), http://tinyurl.com/zka3n6r.

10. Because of instances such as these, Americans United's clients have successfully proceeded under pseudonyms in a number of cases, most of which have, as here, involved claims against public schools. *See, e.g.*, *Doe ex rel. Doe v.*

5

*Elmbrook*, 687 F.3d 840 (7th Cir. 2012) (challenge to practice of holding graduation ceremonies in church); *Does 1–5 v. Enfield Pub. Sch.*, 716 F. Supp. 2d 172 (D. Conn. 2010) (challenge to practice of holding graduation ceremonies in church); *Does 1–7 v. Round Rock Indep. Sch. Dist.*, No. A07-CA-708 (W.D. Tex.) (challenge to prayers at graduation ceremonies); *see also, e.g.*, University of Notre Dame v. Burwell, 786 F.3d 606 (7th Cir. 2015) (suit in which Seventh Circuit has on two separate occasions granted leave for Notre Dame students, represented by Americans United, to act as pseudonymous intervenor-defendants supporting contraceptive-coverage requirement of Affordable Care Act), *judgment vacated and remanded*, 136 S. Ct. 2007 (2016) (vacating and remanding for supplemental briefing and possible negotiation of settlement).

11. It is my professional judgment, based on experience with cases such as this one, that the fears of Plaintiffs for their families, and especially for their children who attend Bossier Parish schools, are reasonable and well-founded and that proceeding under a pseudonym is the prudent course to protect their safety.

12. In my experience, and as reflected also in the U.S. Supreme Court's decision in *Santa Fe Independent School District v. Doe*, 530 U.S. 290, 294 n.1 (2000), pseudonymous plaintiffs in public-school cases raising Establishment Clause issues are often victims of attempts by school officials and others to "ferret out the[ir] identities" in order to harass and intimidate them. Hence, it is imperative that pseudonymous status be granted at the outset of a case, rather than making plaintiffs wait until their identities are public and actual harassment against them

begins before they may seek to proceed under pseudonyms and to have a protective order put in place to protect their identities. At that point, it is simply too late to obtain the needed protection.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2018.

s/ Richard B. Katskee