UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOES 1-7                                        CIVIL ACTION NO. 5:18-cv-152

VERSUS                                          CHIEF JUDGE S. MAURICE HICKS, JR.

BOSSIER PARISH SCHOOL BOARD          MAGISTRATE JUDGE MARK HORNSBY
AND  SCOTT SMITH IN HIS OFFICIAL
CAPACITY AS BOSSIER PARISH
SUPERINTENDENT

**DEFENDANTS' AFFIRMATIVE DEFENSES
AND ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Defendants, BOSSIER

PARISH SCHOOL BOARD AND SCOTT SMITH, IN HIS OFFICIAL CAPACITY AS

BOSSIER PARISH SUPERINTENDENT (collectively, the "Defendants"), who, for answer to

Plaintiffs' Complaint, Amended Complaint and Second Amended Complaint, respectfully show:

**I.
AFFIRMATIVE DEFENSES**

A.    Defendants affirmatively show that current law allows its students to read religious

texts and to discuss their faith with other students during non-instructional time,

when such actions are student initiated/led and voluntary.

B.    Defendants affirmatively show that current law allows its students to pray,

individually or as a group,  before and after school and during non-instructional

times throughout the school day.

C.    Defendants affirmatively show that current law allows its students and  clubs to

distribute religious materials and to utilize school facilities/equipment in the same

manner in which schools allow the same for  non-religious materials.

D.      Defendants affirmatively show that current law allows its students to promote religious activities, clubs and events in the same manner as non-religious activities, clubs, and events are promoted.

E.      Defendants affirmatively show that current law allows its students to voluntarily form religious clubs and hold related events to the extent that the school allows for the formation of other clubs and their events.

F.      Defendants affirmatively show that current law allows for the use of an off-site facility for a school event, even a religious venue, when the use of such off-site venue is based upon secular reasons including, but not limited to,  the lack of a sufficient facility on campus due to scheduling,  size constraints,  equipment, staging, acoustics,  and seating capacity.

G.      Defendants affirmatively show that current law allows for the use of  a curriculum which provides for the inclusion of religion in the study of history, culture, literature, music, art and drama, as well as a comparative study of religion, provided that the material presented is intrinsic to the field of study in which it is presented and is presented objectively.

H.      Defendants affirmatively show that current law allows students to wear clothing and jewelry which contain written or symbolic expressions, as long as same is not obscene and does not infringe upon the rights of other students.

I.      Defendant Board's existing policies did not result in the alleged deprivation of Plaintiffs' rights.  Notwithstanding the foregoing, Defendants are in the process of promulgating  specific  policies  which  clarify  the  requirements  of  the  First

Amendment as to Free Speech and the Establishment Clause in all facets of the school setting, including those identified in Paragraphs A-H hereinabove.

J.     Accordingly, some or all of Plaintiffs' claims are or will become barred by the mootness doctrine.

K.     Defendants assert that Plaintiffs have failed to state a claim upon which relief can be granted under the Constitution, or any other statute, constitutional theory, or legal authority.

L.     Specifically, Plaintiffs fail to state any justiciable claims for declaratory relief sufficient to invoke 28 U.S.C. § 2201.

M.     Plaintiffs' claims, or a portion thereof, are barred by the applicable statute of limitations.

O.     Defendants affirmatively assert all common law and/or statutory immunities to which they may be entitled, including, but not limited to, qualified immunity, discretionary function immunity and/or legislative immunity, as well as any other immunity-based defenses which are or may become available to Defendants upon further discovery.

P.     To the extent that Plaintiffs seeks to assert the rights of third parties, Defendants respectfully assert that this Court lacks jurisdiction over such controversy or claims.

Q.     Defendants affirmatively assert all defenses to which they are, or may become entitled to through discovery in this action, under 42 U.S.C. § 1983, and/or any other provision of federal or state law.

R.     Defendants assert that they did not deprive Plaintiffs of any constitutionally-protected rights.

S.      Notwithstanding the foregoing, Defendants reserve the right to raise additional defenses that become apparent throughout the factual development of this case.

## II.
## ANSWER

Subject to and without waiving the foregoing defenses and incorporating same hereinbelow, Defendants deny each and every allegation contained in Plaintiffs' Complaint, as amended, except those expressly admitted. Defendants respond to the corresponding sections and paragraphs of Plaintiffs' Complaint, Amended Complaint and Second Amended Complaint, as follows:

### INTRODUCTION

1.      The allegations of fact contained in Paragraph 1 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny that all of their alleged actions were unlawful or unconstitutional.

2.      Defendants deny the allegations of Paragraph 2 of Plaintiffs' Second Amended Complaint, and they deny that all of their alleged actions were unlawful or unconstitutional.

3.      Defendants admit that Christian prayers have been delivered at some school-sponsored events and that some school sponsored events have been held in churches. Defendants deny all remaining allegations of fact contained in Paragraph 3 of Plaintiff's Second Amended Complaint, and they affirmatively show that the School Board is in the process of promulgating amended policies to clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

4.      Defendants admit that some teachers and administrators in the district have displayed religious iconography on their desks and in other personal spaces. Defendants further

4

admit that certain pre-kindergarten students previously memorized and recited a prayer before lunch. Defendants deny all remaining allegations of Paragraph 4 of Plaintiffs' Second Amended Complaint, and they deny that all their alleged actions were unlawful or unconstitutional.

5.    Defendants deny the allegations of Paragraph 5 of Plaintiffs' Second Amended Complaint as alleged.  Defendants further deny that all of their alleged actions violated Plaintiffs' constitutional rights.

**JURISDICTION AND VENUE**

6.    Defendants admit that Plaintiffs attempt to invoke the Court's subject matter jurisdiction pursuant to the statutory bases cited in Paragraph 6 of their Second Amended Complaint, but they deny that Plaintiffs are entitled to the relief sought under those statutes.

7.    Defendants admit that venue is proper in this District with respect to the acts and incidents as alleged in the Second Amended Complaint, but they deny that any unlawful incidents or practices occurred.

**PARTIES**

8.    Defendants admit the allegations of Paragraph 8 of the Second Amended Complaint.

9.    Defendants admit the allegations of Paragraph 9 of the Second Amended Complaint.

10.    Defendants admit the allegations of Paragraph 10 of the Second Amended Complaint constitute an accurate portrayal of the cited news article.

11.    Defendants admit the allegations of Paragraph 11 of the Second Amended Complaint.

12.     Defendants admit the allegations of Paragraph 12 of the Second Amended Complaint. Further answering, Defendants affirmatively show that the School Board is in the process of promulgating amended policies for the school district that clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

13.     Defendants admit that Scott Smith was hired as superintendent by the Bossier Parish School Board, as alleged in Paragraph 13 of Plaintiffs' Second Amended Complaint. Defendants further admit that Scott Smith is responsible for performing those duties imposed on superintendents under Louisiana Revised Statutes 17:81. Defendants deny the allegations of Paragraph 13 of the Second Amended Complaint to the extent they are inconsistent with the foregoing.

14.     Defendants admit that Scott Smith is responsible for performing those duties required of superintendents under Louisiana Revised Statutes 17:91. Defendants deny the allegations of Paragraph 14 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

15.     Defendants admit the allegations of Paragraph 15 of Plaintiffs' Second Amended Complaint. Further answering, Defendants deny that all of their alleged actions were unlawful or unconstitutional.

16.     Defendants deny the allegations of Paragraph 16 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

17.     Defendants deny the allegations of Paragraph 17 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

18.     Defendants deny the allegation of Paragraph 18 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

19.     Defendants deny the allegations of Paragraph 19 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

20.     Defendants deny the allegations of Paragraph 20 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

21.     The allegations of fact contained in Paragraph 21 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny the allegations of Paragraph 21 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

22.     The allegations of fact contained in Paragraph 22 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny the allegations of Paragraph 22 of Plaintiffs' Second Amended Complaint. At the same time, Defendants have consented to Plaintiffs proceeding under pseudonyms.

## GENERAL ALLEGATIONS

23.     To the extent Plaintiffs re-allege and incorporate all preceding paragraphs in their Second Amended Complaint, Defendants hereby reiterate and incorporate their answers to each of the paragraphs.

24.     Defendants deny the allegations of Paragraph 24 of Plaintiffs' Second Amended Complaint, and they deny that all their alleged actions were unlawful or unconstitutional.

25.     Defendants admit that they were aware of and allowed certain religious activities as alleged in Plaintiffs' Second Amended Complaint. Nevertheless, Defendants deny that all of their alleged actions were unlawful or unconstitutional.  Further answering, Defendants assert that they are in the process of promulgating amended policies for the school district that clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

7

**Official Prayer at School Events**

26.     Defendants admit that Paragraph 26 of Plaintiffs' Second Amended Complaint accurately reflects the current language of Bossier Parish School Board Policy IKDC. Further answering, Defendants assert that they are in the process of promulgating amended policies for the school district that clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

27.     Defendants deny the allegations of Paragraph 27 of Plaintiffs' Second Amended Complaint.

*Graduation Ceremonies*

28.     Defendants admit that certain graduation ceremonies in the district have included student-led prayer. Further answering, Defendants deny that all instances of student-led graduation prayer were unlawful or unconstitutional.

29.     Defendants admit the allegations of Paragraph 29 of Plaintiffs' Second Amended Complaint.

30.     Defendants admit the allegations of Paragraph 30 of Plaintiffs' Second Amended Complaint.

31.     Defendants admit the allegations of Paragraph 31 of Plaintiffs' Second Amended Complaint.

32.     Defendants admit that schools in the district have previously allotted time for invocations and/or benedictions in their graduation ceremonies. Defendants deny the allegations of Paragraph 32 of Plaintiff's Second Amended Complaint to the extent they are inconsistent with the foregoing.

33.     Defendants admit that certain faculty or administrators have delivered prayers during their school's graduation ceremonies. Defendants deny the allegations of Paragraph 33 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

34.     Defendants admit that students have delivered prayers during their school's graduation ceremonies. Defendants deny the allegations of Paragraph 34 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

35.     Defendants admit that student volunteers from the graduating class have prayed during graduation ceremonies. Defendants deny the allegations of Paragraph 35 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

36.     Defendants admit that student government officers have prayed during graduation ceremonies. Defendants deny the allegations of Paragraph 36 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

37.     Defendants admit that graduating students have been requested to stand and remove their caps for prayer during graduation ceremonies. Defendants deny the allegations of Paragraph 37 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

38.     Defendants admit that speakers at some graduation ceremonies in the district have requested that students and members of the public stand while they prayed. Defendants deny the allegations of Paragraph 38 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

39.     Defendants admit the allegations of Paragraph 39 of the Second Amended Complaint. Further answering, Defendants deny that the student-initiated, student-led graduation prayer was unlawful or unconstitutional.

40.     Defendants admit that prayer has been recited during the graduation ceremonies at Benton High School, Bossier High School, Haughton High School and Plain Dealing High School. Further answering, Defendants deny that all instances of student-led graduation prayer were unlawful or unconstitutional.

41.     Defendants admit that prayer has been recited at some elementary and middle school graduation ceremonies in the district. Defendants deny the allegations of Paragraph 41 of the Second Amended Complaint to the extent that they are inconsistent with the foregoing.

42.     Defendants admit that student-led prayer has been recited at the graduation ceremonies identified in Paragraph 42 of Plaintiffs' Second Amended Complaint. Defendants deny the allegations of Paragraph 42 of Plaintiffs' Second Amended Complaint to the extent that they are inconsistent with the foregoing.

43.     Defendants admit that Superintendent, Scott Smith, and some members of the Bossier Parish School Board have attended some graduation ceremonies held by the district's schools. Defendants deny the allegations of Paragraph 43 of Plaintiffs' Second Amended Complaint to the extent that they are inconsistent with the foregoing.

44.     Bossier Parish School Board Policy IKDC, governing school prayer, is the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 44 of Plaintiffs' Second Amended Complaint to the extent they seek to alter, amend or enlarge the terms of the written policy. Further answering, Defendants assert that they are in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

45.     Bossier Parish School Board Policy IKDC, governing school prayer, is the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 45 of Plaintiffs' Second Amended Complaint to the extent they seek to alter, amend or enlarge the terms of the written policy. Further answering, Defendants assert that they are in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

46.     Bossier Parish School Board Policy IKDC, governing school prayer,  is the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 46 of Plaintiffs' Second Amended Complaint to the extent they seek to alter, amend or enlarge the terms of the written policy. Further answering, Defendants assert that they are in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

*Sporting Events*

47.     The allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants admit that Paragraph 47 of Plaintiffs' Second Amended Complaint contains a fair recitation of the Court's opinion in *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 311-12, 120 S.Ct. 2266, 2280, 147 L.Ed.2d 295 (2000).

48.     Defendants admit that prayer has been recited over the public-address systems at schools in the district during home football games. Defendants deny the allegations of Paragraph 48 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

49.     Defendants admit the allegations of Paragraph 49 of Plaintiffs' Second Amended Complaint.

50.     Defendants deny the allegations of Paragraph 50 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

51.     Defendants admit the allegations of Paragraph 51 of Plaintiffs' Second Amended Complaint.

52.     Defendants admit that some have provided prayer at some high school football games have asked attendees to stand, remove their hats and bow their heads during prayer. Defendants deny the allegations of Paragraph 52 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

53.     Defendants admit that attendees at a high school football game between Parkway High School and Airline High School in September 2017 were asked to stand for the presentation of colors and the National Anthem. Further answering, Defendants admit that a student volunteer recited a prayer before the school band played the National Anthem. Defendants deny the allegations of Paragraph 53 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

54.     Defendants admit that athletes, cheerleaders, members of the color guard, dance line and band have bowed their heads while student volunteers recite prayer prior to high school football games.  Defendants deny the allegations of Paragraph 54 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

55.     Defendants admit that certain high school football coaches have bowed their heads during the recitation of prayer over the public-address system before some football games. Defendants deny the allegations of Paragraph 55 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

56.     Defendants admit that certain high school football coaches have been present while student athletes prayed after some football games. Defendants deny the allegations of Paragraph 56 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

57.     The allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that students have prayed with teammates before and after some sporting events.

58.     Defendants admit that certain coaches of high school sports other than football have been present when student athletes prayed. Defendants deny the remaining allegations of Paragraph 58 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

*Other School Events*

59.     Defendants admit that student volunteers have recited prayers at certain school-sponsored events, other than high school football games. Defendants deny all remaining allegations of Paragraph 59 of Plaintiffs' Second Amended Complaint.

60.     Defendants admit the allegations of Paragraph 60 of Plaintiffs' Second Amended Complaint upon information and belief.

61.     Defendants admit that certain members of the Bossier Parish School Board and some district administrators bowed their heads during the prayer provided by the student volunteer set forth in Paragraph 60 of Plaintiffs' Second Amended Complaint. Defendants deny the allegations of Paragraph 61 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

62.     Defendants admit the allegations of Paragraph 62 of Plaintiffs' Second Amended Complaint.

63.     Defendants admit that some schools in the district held Veterans Day programs that included prayer. Defendants deny the allegations of Paragraph 63 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

64.     Defendants deny the allegations of Paragraph 64 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

65.     Defendants admit that some schools in the district had their choir and band perform during their Veterans Day programs. Defendants further admit that some of these choirs and bands performed after a student-led prayer. Defendants deny the allegations of Paragraph 65 of Plaintiffs' Second Amended Complaint to the extent that they are inconsistent with the foregoing.

66.     Defendants admit the allegations of Paragraph 66 of Plaintiffs' Second Amended Complaint.

67.     Defendants deny the allegations of Paragraph 67 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

68.     Defendants admit that some elementary school students in the district have been invited to recite prayers at Drug Abuse Resistance Education ("D.A.R.E.") program graduation ceremonies. Defendants deny the allegations of Paragraph 68 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

69.     Defendants admit the allegations of Paragraph 69 of Plaintiffs' Second Amended Complaint.

70.     Defendants admit that the Superintendent of the Bossier Parish School Board has attended D.A.R.E. graduation ceremonies at certain schools in the district. Defendants deny the allegations of Paragraph 68 of the Second Amended Complaint to the extent they are inconsistent with the foregoing.

14

71.     Defendants admit that student-led prayer has been provided during previous awards ceremonies at some schools in the district. Defendants deny the allegations of Paragraph 71 of Plaintiffs' Second Amended Petition to the extent they are inconsistent with the foregoing.

72.     Defendants admit that student-led prayer has previously been provided during awards assemblies at some elementary schools in the district, but Defendants deny the specific content of any prayer for lack of sufficient information to justify a belief therein.

73.     Defendants admit that student-led prayer at some award ceremonies held by schools in the district has been delivered on school property, at school-sponsored events and under the supervision of school faculty or administrators. Defendants deny the allegations of Paragraph 73 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

**Student Chaplains**

74.     The allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint are denied as alleged. Defendants admit that students involved in some extracurricular programs at some schools have voluntarily elected student chaplains from their membership. Defendants deny the allegations of Paragraph 74 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

75.     The allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint are denied as alleged. Defendants admit that at least one school's student government recognizes the position of chaplain. Defendants deny the remaining allegations of Paragraph 75 of Plaintiffs' Second Amended Complaint.

76.     Defendants deny the allegations of Paragraph 76 of Plaintiffs' Second Amended Complaint.

77.     Defendants deny the allegations of Paragraph 77 of Plaintiffs' Second Amended Complaint.

78.     Defendants deny the allegations of Paragraph 78 of Plaintiffs' Second Amended Complaint as alleged, except to admit that at least one school's spirit team elects a student chaplain.

79.     Defendants deny the allegations of Paragraph 79 of Plaintiffs' Second Amended Complaint.

## School Events Held in Churches

80.     Defendants admit that some schools in the district hold non-mandatory events in local church facilities. Defendants deny the allegations of Paragraph 80 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing. Further answering, Defendants deny that these alleged actions were unlawful or unconstitutional.

81.     Defendants admit that members of a school's choir that performs in a church facility must complete an alternate assignment, should they elect not to attend. Defendants deny the remaining allegations of Paragraph 81 of Plaintiffs' Second Amended Complaint.

82.     Defendants deny the allegations of Paragraph 82 of Plaintiffs' Second Amended Complaint as alleged. Defendants further show that such performance would not have been mandatory.

83.     Defendants admit that Benton Middle School, Cope Middle School, Elm Grove Middle School, Haughton High School, Parkway High School, and Stockwell Place Elementary School have previously held choir concerts in local church facilities. Defendants deny the allegations of Paragraph 83 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

16

84.     Defendants deny the allegations of Paragraph 84 of Plaintiffs' Second Amended Complaint.

85.     Defendants admit the allegations of Paragraph 85 of Plaintiffs' Second Amended Complaint.

86.     Defendants admit that some schools in the district have held ceremonies and athletic banquets in local church facilities. Defendants deny the remaining allegations of Paragraph 86 of Plaintiffs' Second Amended Complaint.

87.     The allegations contained in Paragraph 87 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny the allegations of Paragraph 87 of Plaintiffs' Second Amended Complaint.

### Religious-Content in Choir Performances

88.     Defendants deny the allegations of Paragraph 88 of Plaintiffs' Second Amended Complaint.

89.     Defendants deny the allegations of Paragraph 89 of Plaintiffs' Second Amended Complaint.

90.     Defendants admit that school choirs in the district teach students a variety of music styles, with some schools utilizing songs from hymnals, gospels and worship songs to provide students with a complete understanding of musical genres, cultures and historical periods and to teach a full spectrum of musical skills.  Defendants deny the allegations of Paragraph 90 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

91.     Defendants admit that Parkway High School's choir has performed "For the Beauty of the Earth," "Ave Vernum Corpus" and "Hear My Prayer" at a local choral festival. Further answering, Defendants admit that Elm Grove Middle School's choir performed "Somewhere

17

Above the Clouds," "Dona Nobis Pacem" and "Joshua Fought the Battle" during a choral festival in 2016. Defendants deny the remaining allegations of Paragraph 91 of Plaintiffs' Second Amended Complaint.

92.     Defendants deny the allegations of Paragraph 92 of Plaintiffs' Second Amended Complaint.

93.     Defendants deny the allegations of Paragraph 93 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

94.     Defendants deny the allegations of Paragraph 94 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

## School Officials Proselytizing Students

### *During the School Day*

95.     Defendants deny the allegations of Paragraph 95 of Plaintiffs' Second Amended Complaint.

96.     Defendants deny the allegations of Paragraph 96 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

97.     Defendants admit that at some point previously, a teacher at Legacy Elementary School contacted the parents of her students and offered to pray for their children. This practice was discontinued prior to the institution of this litigation. Defendants deny the remaining allegations of Paragraph 97 of Plaintiffs' Second Amended Complaint, and they specifically deny that the teacher led her entire class in Christian prayer.

98.     Defendants deny the allegations of Paragraph 98 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

99.     Defendants admit that a health teacher at Airline High School has played videos reflecting character education and positive decision making. Defendants further admit that an openly Muslim student volunteered to read a passage from the Bible during a class unit on first-aid, which included a discussion of the origin of the "Good Samaritan" concept.  Defendants deny all remaining allegations of Paragraph 99 of Plaintiff's Second Amended Complaint.

100.     Defendants deny the allegations of Paragraph 100 of Plaintiffs' Second Amended Complaint.

101.     Defendants deny the allegations of Paragraph 101 of Plaintiffs' Second Amended Complaint.

102.     Defendants admit that Exhibit B to Plaintiffs' Second Amended Complaint is a written document that serves as the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 102 of Plaintiffs' Second Amended Complaint to the extent they attempt to vary or enlarge the terms of the written document.

103.     Defendants admit that Exhibit C to Plaintiffs' Second Amended Complaint is a written document that serves as the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 103 of Plaintiffs' Second Amended Complaint to the extent they attempt to vary or enlarge the terms of the written document, and Defendants deny all remaining allegations of Paragraph 103 of Plaintiffs' Second Amended Complaint.

104.     Defendants admit that some teachers and administrators in the district have crosses displayed in their classrooms and offices. Defendants deny the allegations of Paragraph 104 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing. Further answering, Defendants deny that their alleged actions are unlawful or unconstitutional.

105.     Defendants admit that some teachers display crosses in their workplace.

19

106.    Defendants admit that a teacher at Elm Grove Middle School has hung crosses in her classroom within her personal workspace and as part of her decor. Defendants deny the remaining allegations of Paragraph 106 of Plaintiffs' Second Amended Complaint.

107.    Defendants admit that some teachers at Airline High School display crosses in their classrooms within their personal workspace. Defendants deny the allegations of Paragraph 107 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

108.    Defendants admit the allegations of Paragraph 108 of Plaintiffs' Second Amended Petition.

109.    The allegations contained in Paragraph 109 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny the allegations of Paragraph 109 of Plaintiffs' Second Amended Complaint.

110.    Defendants deny the allegations of Paragraph 110 of Plaintiffs' Second Amended Complaint.

111.    Defendants admit that Exhibit D to Plaintiffs' Second Amended Complaint is a written document that serves as the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 111 of Plaintiffs' Second Amended Complaint to the extent they attempt to modify or enlarge the language of Exhibit D.

*During School Athletics Programs*

112.    The allegations contained in Paragraph 112 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny the allegations of Paragraph 112 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

113.    Defendants admit that some persons ascribe such benefits to athletics.

114.    The allegations contained in Paragraph 114 of Plaintiffs' Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny that religious adherence is a qualification for participation in any program in the district.

115.    Defendants deny the allegations of Paragraph 115 of Plaintiffs' Second Amended Complaint.

116.    Defendants admit that voluntarily devotionals have been held by at least one high school after instructional time and after practice. Defendants deny the allegations of Paragraph 116 of Plaintiff's Second Amended Petition to the extent they are inconsistent with the foregoing.

117.    Defendants admit that a football coach at one school has quoted scripture to student athletes. Defendants deny the remaining allegations of Paragraph 117 of Plaintiffs' Second Amended Complaint.

118.    Defendants admit that members of some high school football teams are invited to attend pre-game meals at local churches. Further answering, Defendants submit that attendance at these pregame meals is not required, and those student athletes not attending are provided a pre-game meal at their school. Defendants deny the allegations of Paragraph 118 to the extent they are inconsistent with the foregoing.

119.    Defendants admit that previously at least one school invited a youth minister into the locker room to lead students in prayer.

120.    Defendants deny the allegations of Paragraph 120 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

121.    Defendants deny the allegations of Paragraph 121 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

122.     Defendants admit that a high school football coach in the district has facilitated the distribution of t-shirts from local churches to the players on his team that featured team names and logos alongside religious messages. Defendants deny the allegations of Paragraph 122 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

## School-Sponsored Religious Clubs

123.     Defendants deny the allegations of Paragraph 123 of Plaintiffs' Second Amended Complaint.

124.     Defendants admit that all student clubs in the district must be sponsored by teachers or other faculty members but deny any legal conation to the word "sponsor".   Adult supervision of minors is required when students are on campus. Defendants deny the allegations of Paragraph 124 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

125.     Defendants deny the allegations of Paragraph 125 of Plaintiffs' Second Amended Complaint as alleged.

126.     Defendants deny the allegations of Paragraph 126 of Plaintiffs' Second Amended Complaint.

127.     The allegations contained in Paragraph 127 of Plaintiffs' Second Amended Complaint require no answer by these Defendants. To the extent that an answer is required, Defendants deny the allegations of Paragraph 127of Plaintiffs' Second Amended Complaint.

128.     Defendants admit that some teacher-sponsors store Fellowship of Christian Athletes materials in their classrooms. Defendants deny the remaining allegations of Paragraph 128 of Plaintiffs' Second Amended Complaint.

129.     Defendants deny the allegations of Paragraph 129 of Plaintiffs' Second Amended Complaint.

130.     Defendants admit that some schools in the district allow for student organizations and groups including, but not limited to, Fellowship of Christian Athletes, to sell club apparel and other items via the school's official website. Defendants deny the allegations of Paragraph 130 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

131.     Defendants admit that advertising opportunities are afforded to all clubs or groups and Fellowship of Christian Athletes groups at some schools in the district sponsor advertisements at some school athletic facilities. Defendants deny the remaining allegations of Paragraph 131 of Plaintiffs' Second Amended Complaint.

132.     Defendants admit that some coaches for sports teams in the district have advised student-athletes of scheduled Fellowship of Christian Athletes events. At one school, coaches encouraged students to attend. Defendants deny the allegations of Paragraph 132 of Plaintiffs' Second Amended Petition to the extent they are inconsistent with the foregoing.

133.     Defendants deny the allegations of Paragraph 133 of Plaintiffs' Second Amended Complaint.

134.     Defendants deny the allegations of Paragraph 134 of Plaintiffs' Second Amended Complaint.

135.     Defendants admit that members of student organizations or groups, including, but not limited to, the Fellowship of Christian Athletes, are permitted to wear their group's t-shirt in lieu of their school uniform on certain days.  Defendants deny the allegations of Paragraph 135 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

136.    Defendants deny the allegations of Paragraph 136 of Plaintiffs' Second Amended Complaint.

## Community Members Distributing Religious Materials
## on School Property during School Hours

137.    Defendants admit that certain schools in the district have allowed youth pastors from local churches to enter campus to speak with students who attend their church and to attend meetings and events held by Fellowship of Christian Athletes and First Priority Club. Defendants deny the allegations of Paragraph 137 of Plaintiffs' Second Amended Petition to the extent they are inconsistent with the foregoing.

138.    Defendants deny the allegations of Paragraph 138 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

139.    Defendants admit that students in one school in the district partnered with a charity organization to raise money for a specific orphanage. Defendants deny the remaining allegations of Paragraph 139 of Plaintiffs' Second Amended Complaint.

140.    Defendants deny the allegations of Paragraph 140 of Plaintiffs' Second Amended Complaint.

## Endorsement of Religious Events Held on School Property

141.    Defendants deny the allegations of Paragraph 141 of Plaintiffs' Second Amended Complaint.

142.    Defendants deny the allegations of Paragraph 142 of Plaintiffs' Second Amended Complaint.

143.     Defendants admit that schools in the district allowed the student-led and student-organized "See You at the Pole" event to take place on their front lawns before school hours on September 27, 2018. Defendants further admit that some schools in the district allowed members of the Fellowship of Christian Athletes to announce the "See You at the Pole" event over their public-address systems, just as other clubs have been allowed to make announcements. Defendants deny the allegations of Paragraph 143 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

144.     Defendants deny the allegations of Paragraph 144 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

145.     Defendants deny the allegations of Paragraph 145 of Plaintiffs' Second Amended Complaint.

146.     Defendants deny the allegations of Paragraph 146 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

147.     Defendants deny the allegations of Paragraph 147 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

148.     Defendants deny the allegations of Paragraph 148 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

149.     Defendants admit that some schools in the district allowed members of the Fellowship of Christian Athletes to announce their "Bring Your Bible to School Day" event over the school's public-address system, just as other clubs have been allowed to make announcements. Defendants deny the allegations of Paragraph 149 of Plaintiffs' Second Amended Complaint to the extent they are inconsistent with the foregoing.

150.    Defendants deny the allegations of Paragraph 150 of Plaintiffs' Second Amended Complaint.

151.    Defendants deny the allegations of Paragraph 151 of Plaintiffs' Second Amended Complaint.

152.    Defendants deny the allegations of Paragraph 152 of Plaintiffs' Second Amended Complaint for lack of sufficient information to justify a belief therein.

153.    Defendants admit the allegations of Paragraph 153 of Plaintiffs' Second Amended Complaint.

154.    Defendants deny the allegations of Paragraph 154 of Plaintiffs' Second Amended Complaint.

155.    Defendants admit that coaches and teachers from several schools in the district attended the "Fields of Faith" at Haughton High School after the close of schools on the evening of  October 18, 2017. Defendants deny the remaining allegations of Paragraph 155 of Plaintiffs' Second Amended Complaint.

**The Board and Superintendent's Failure to Respond to Complaints**

156.    Defendants deny the allegations of Paragraph 156 of Plaintiffs' Second Amended Complaint, except to admit that Defendants have received letters alleging violations.

157.    Defendants admit that Exhibit E is a copy of a letter provided by Marjorie R. Esman, Executive Director, ACLU of Louisiana, to Dr. D.C. Machen, Jr., Superintendent, Bossier Parish School System, dated September 24, 2015. This writing serves as the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 157 of Plaintiffs' Second Amended Complaint to the extent they attempt to vary or enlarge the terms of the written document.

158.    Defendants deny allegations of Paragraph 158 of Plaintiffs' Second Amended Complaint, except to admit that a prayer rally was held at Airline High School on Saturday, October 3, 2015. Defendants further admit that Princeton Elementary School has a voluntary staff prayer group that emailed the Principal of Airline High School to inform him that the group was praying for him during a difficult time.

159.    Defendants admit that Exhibit F is a copy of a letter from Richard B. Katskee, Legal Director, Americans United, to Scott Smith, Superintendent, Bossier Parish School System, and Terri Howe, Principal, Benton High School, dated June 8, 2017. Further answering, Defendants admit that Exhibit G is a letter from Richard B. Katskee, Legal Director, Americans United, to Scott Smith, Superintendent, Bossier Parish School System, and Terri Howe, Principal, Benton High School, dated September 1, 2017. These writings are the best and only legally-admissible evidence of their own contents. Defendants deny the allegations of Paragraph 159 of Plaintiffs' Second Amended Complaint, to the extent they attempt to vary or enlarge the terms of the written documents.

160.    Defendants admit that Exhibit H is a copy of a letter from the Board's legal counsel to Richard B. Katskee, Legal Director, Americans United, dated September 29, 2017. This writing serves as the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 160 of Plaintiffs' Second Amended Complaint to the extent they attempt to vary or enlarge the terms of the written document.

161.    Defendants admit that six organizations sent a joint letter to Scott Smith, Superintendent of Bossier Parish School Board, on October 5, 2017. This writing serves as the best only legally-admissible evidence of its own contents. Defendants deny all remaining allegations of Paragraph 161 of Plaintiffs' Second Amended Complaint.

162.    Defendants admit the allegations of Paragraph 162 of Plaintiffs' Second Amended Complaint. Defendants deny the allegations of Paragraph 162 of Plaintiffs' Second Amended Complaint to the extent they attempt to modify, limit or vary the terms of the Superintendent's statements.

163.    Defendants admit that Scott Smith, Superintendent of the Bossier Parish School Board, made certain statements during his radio interview with 101.7/710 KEEL on October 11, 2017, as reflected in the recording referenced in Paragraph 163 of Plaintiffs' Second Amended Complaint. Defendants deny the allegations of Paragraph 163 of Plaintiffs' Second Amended Complaint to the extent they attempt to modify, limit or vary the terms of the Superintendent's statements.

164.    Defendants admit that Plaintiffs reference an article entitled, "6 Groups Take Aim at Bossier Schools Over Student Protests," that appeared in the *Shreveport Times* on October 12, 2017. This writing serves as the best and only evidence of its own contents. Defendants deny the allegations of Paragraph 164 of Plaintiffs' Second Amended Complaint to the extent they attempt to vary, limit or enlarge the terms of the written document.

165.    Defendants admit that Exhibit I to Plaintiffs' Second Amended Complaint is a copy of a letter from Richard B. Katskee, Legal Director, Americans United, to legal counsel for the Board dated November 8, 2017. This writing serves as the best and only legally-admissible evidence of its own contents. Defendants deny the allegations of Paragraph 165 of Plaintiffs' Second Amended Complaint to the extent they attempt to vary, limit or enlarge the terms of the written document.

166.    Defendants admit the allegations of Paragraph 166 of Plaintiffs' Second Amended Complaint.

167.    Defendants admit that the Bossier Parish School Board held an in-service day at Cypress Baptist Church .   See Paragraph I(F) above.  Defendants deny the remaining allegations of Paragraph 167 of Plaintiffs' Second Amended Complaint.

168.    Defendants admit the allegations of Paragraph 168 of Plaintiffs' Second Amended Complaint.

169.    Defendants deny the allegations of Paragraph 169 of Plaintiffs' Second Amended Complaint.

## CLAIM FOR RELIEF

### Violations of the Establishment Clause of the First Amendment
### to the U.S. Constitution

170.    Defendants incorporate by reference their affirmative defenses and answers to the preceding paragraphs in this Second Amended Complaint.

171.    Defendants deny the allegations of Paragraph 171 of Plaintiffs' Second Amended Complaint, and they affirmatively show that the School Board is in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

172.    Defendants admit the allegations of Paragraph 172 of Plaintiffs' Second Amended Complaint.

173.    Defendants deny the allegations of Paragraph 173 of Plaintiffs' Second Amended Complaint, and a they affirmatively show that the School Board is in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

174.    Defendants deny the allegations of Paragraph 174 of Plaintiffs' Second Amended Complaint, and they affirmatively show that the School Board is in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

175.    Defendants deny the allegations of Paragraph 175 of Plaintiffs' Second Amended Complaint, and they affirmatively show that the School Board is in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

176.    Defendants deny the allegations of Paragraph 176 of Plaintiffs' Second Amended Complaint, and they affirmatively show that the School Board is in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

177.    Defendants deny the allegations of Paragraph 177 of Plaintiffs' Second Amended Complaint, and  they affirmatively show that the School Board is in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

178.    Defendants deny the allegations of Paragraph 178 of Plaintiffs' Second Amended Complaint, and  they affirmatively show that the School Board is in the process of promulgating amended policies clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

179.    Defendants deny the allegations of Paragraph 179 of Plaintiffs' Second Amended Complaint, and  they affirmatively show that the School Board is in the process of promulgating amended policies which clarify the requirements of the First Amendment as to Free Speech and the Establishment Clause.

WHEREFORE, DEFENDANTS, BOSSIER PARISH SCHOOL BOARD AND SCOTT SMITH, IN HIS OFFICIAL CAPACITY AS BOSSIER PARISH SUPERINTENDENT, PRAY that this Defendants' Answer and Affirmative Defenses to Second Amended Complaint be deemed good and sufficient and that, after legal delays and due proceedings are had, there be judgment herein in favor of Defendants, dismissing Plaintiffs' claims with prejudice and at Plaintiffs' sole cost.

DEFENDANTS FURTHER PRAY for all such other general and equitable relief as may be proper and this Court competent to grant.

Respectfully submitted,

*/s/ Jon K. Guice*
Jon K. Guice, Bar Roll No. 20841
(Trial Attorney)
Neal Johnson, Bar Roll No. 23149
Justin N. Myers, Bar Roll No. 34005
HAMMONDS, SILLS, ADKINS & GUICE, LLP
1881 Hudson Circle
Monroe, Louisiana 71201
(318) 324-0101
(318) 322-5375 facsimile
Email: jguice@hamsil.com
          jmyers@hamsil.com

ATTORNEYS FOR DEFENDANTS, BOSSIER PARISH SCHOOL BOARD AND SCOTT SMITH IN HIS OFFICIAL CAPACITY AS BOSSIER PARISH SUPERINTENDENT

## CERTIFICATE OF SERVICE

I do hereby certify that, on the date stated below, a true and correct copy of the above and foregoing Defendants' Answer and Affirmative Defenses to Second Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiffs by operation of the Court's electronic filing system.

Monroe, Louisiana, this 26th day of March 2018.

*/s/ Jon K. Guice*
Jon K. Guice