# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOES 1–7,

          *Plaintiffs*,

v.

BOSSIER PARISH SCHOOL BOARD and
SCOTT SMITH in his official capacity
as Bossier Parish Superintendent,

          *Defendants*.

Civil Docket No. 5:18-cv-152

CHIEF JUDGE HICKS

MAGISTRATE JUDGE HORNSBY

**STIPULATION AND PROTECTIVE ORDER
TO PROTECT INFORMATION CONCERNING
PLAINTIFFS OPERATING UNDER PSEUDONYMS**

Having agreed that the identities of Plaintiffs should be protected from disclosure, except to attorneys participating in this lawsuit or as otherwise provided in this agreement, the parties stipulate and agree that the Court should enter a Protective Order in the following form, and agree to be bound by this Stipulation pending approval by the Court.

It appearing to this Court and the parties that discovery in this action will necessarily involve the production of information likely to reveal the identities of Plaintiffs operating under pseudonyms, it is hereby ORDERED that:

1

1. *Categories of information entitled to treatment as Confidential-Attorneys' Eyes Only*. The following information concerning pseudonymous (i.e., "Doe") plaintiffs in this action and their family members (hereafter "Doe Plaintiffs") will be treated as Confidential-Attorneys' Eyes Only under the terms of this order:

(a) any "Personally Identifiable Information," as defined as of March 28, 2018, in 34 C.F.R. § 99.3, a regulation implementing the Family Educational Rights and Privacy Act of 1974, concerning any Doe Plaintiff or Doe Plaintiffs' children;

(b) any information that, alone or in combination, is linked or linkable to a Doe Plaintiff or a Doe Plaintiff's child[ren] that would allow a reasonable person in that Doe Plaintiff's community to identify that Doe Plaintiff or that Doe Plaintiff's child[ren] with reasonable certainty. Such information includes but is not limited to the Doe Plaintiff's or the Doe Plaintiff's child[ren]'s name, parent, spouse, child, or other family member's name, address (past or present), personal identifiers such as Social Security number or biometric record, and other indirect identifiers such as date of birth, place of birth, mother's maiden name, and past or present school, grade level, teachers, or extracurricular activities;

(c) any information specifically required to be treated as Confidential-Attorneys' Eyes Only by the terms of this Order;

(d) other information concerning any Doe Plaintiff or Doe Plaintiff's child[ren] that the parties may subsequently agree should be treated as

Confidential-Attorneys' Eyes Only under this Order, through (i) a stipulation signed by counsel for the parties, or (ii) oral agreement by counsel for the parties made on the record and transcribed stenographically;

      (e) other information that the Court may subsequently order to be treated as Confidential-Attorneys' Eyes Only under this Order, for good cause shown, after consideration of a motion by one of the parties.

    2. *Mechanics of identifying information or documents as Confidential-Attorneys' Eyes Only*. Information and documents will be designated as Confidential-Attorneys' Eyes Only through the following means:

      (a) A party providing documents or discovery responses containing Confidential-Attorneys' Eyes Only information will stamp the words "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the documents or responses before turning them over to the other party.

      (b) If Confidential-Attorneys' Eyes Only information is disclosed during a deposition or hearing other than a deposition of a Doe Plaintiff (addressed in section 3 below), the party providing the information may identify it as Confidential-Attorneys' Eyes Only either (i) by instructing the court reporter during the deposition or hearing to treat specified testimony as Confidential-Attorneys' Eyes Only, in which case the court reporter will set apart that testimony in a separate transcript and label each page of the separate transcript with the words "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or (ii) by labeling transcript pages

3

containing Confidential-Attorneys' Eyes Only information with the words "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and sending written notice of the labeling to opposing counsel and the court reporter within ten calendar days of receipt of the transcript.

(c) If a party objects to the designation of any information or documents as Confidential-Attorneys' Eyes Only, that party may, within twenty calendar days of service of written notice of the Confidential-Attorneys' Eyes Only designation, and after that party's counsel has conferred in good faith with the opposing party's counsel (or has made a good-faith effort to do so) to attempt to resolve the issue by consent (or has made a good-faith effort to do so), file a motion with the Court asking that the information or documents not be treated as Confidential-Attorneys' Eyes Only. Any such motion must comply with paragraph 5(b) of this Order, and the information or documents at issue will be treated as Confidential-Attorneys' Eyes Only under this Order while the motion is pending.

3. *Depositions.*

(a) The date and location of the deposition will be and remain Confidential-Attorneys' Eyes Only until the day after the conclusion of all then-noticed or then-scheduled depositions of any Doe Plaintiffs.

(b) Only court reporters and videographers who have reviewed and signed the attached Agreement to Be Bound by Protective Order (Appendix A) will be permitted to record the deposition of a Doe Plaintiff.

(c) The only persons who may attend a deposition of a Doe Plaintiff will be the Doe Plaintiff being deposed, counsel of record for the parties, attorneys associated with counsel of record for the parties, support staff for counsel of record for the parties and associated attorneys, including paralegals and legal assistants, and the court reporter and videographer (if any) recording the deposition.

(d) The entire transcript of any deposition of a Doe Plaintiff, as well as all information disclosed therein, will remain Confidential-Attorneys' Eyes Only until twenty days after receipt of the deposition transcript to allow Doe Plaintiffs or Doe Plaintiffs' counsel to identify and mark pages containing Confidential-Attorneys' Eyes Only information in accordance with paragraph 2(b) of this Order. Pages marked Confidential-Attorneys' Eyes Only, as well as the information therein, will remain Confidential-Attorneys' Eyes Only after the expiration of the twenty-day period. This paragraph remains subject to the provisions of paragraph 2(c), above, by which a party may object to a confidentiality designation.

(e) Any video recording of any deposition of a Doe Plaintiff will permanently be Confidential-Attorneys' Eyes Only.

(f) Plaintiffs will produce their students' photo-student-id badges (if such is issued by their students' schools) and their students' current year report cards at the time of their depositions.

(g) Notwithstanding this Stipulation and Order and the existence or nonexistence of a deposition transcript, Plaintiffs and Plaintiffs' students will be

subject to cross examination upon any hearing or trial in this matter before the trier of fact, pursuant to procedures and rules to be ordered by the judge to protect the Plaintiffs' and Plaintiffs' students' identities.

> (1) Notwithstanding 3(g), the parties reserve their rights as to whether deposition, hearing, or trial testimony of Plaintiffs' students is needed and/or appropriate. No depositions of Plaintiffs' students may be noticed without agreement of the parties, or an Order by the Court upon showing of good cause.

4. *Persons to whom Confidential-Attorneys' Eyes Only information may be disclosed.* Each person who receives information or documents designated as Confidential-Attorneys' Eyes Only under this Order must read this Order and sign a copy of the attached Agreement to be Bound by Protective Order (Appendix A). Any such person is hereby prohibited from disclosing the Confidential-Attorneys' Eyes Only information or documents to anyone other than:

> (a) counsel of record for the parties;
>
> (b) attorneys associated with counsel of record for the parties;
>
> (c) support staff for counsel of record for the parties and associated

attorneys, including paralegals and legal assistants;

> (d) the following persons, if such disclosure is necessary to allow

counsel fully and fairly to represent the party or parties that they represent:

>> (1) investigators and experts retained by counsel of record for

6

the parties; and

(2) court reporters and videographers at depositions;

(e) individual school officials identified by a Plaintiff as having engaged in conduct giving rise to specific allegations in the Second Amended Complaint or any subsequent operative complaint if (i) disclosure is necessary to allow counsel to fully and fairly represent the party or parties that they represent; (ii) the information provided does not identify the Plaintiffs or Plaintiffs' students by name, and is limited to (1) the facts relating to the individual school official's alleged conduct, and (2) the year during which the conduct was alleged to have occurred;

(1) information disclosed to individual school officials pursuant to this paragraph will be considered Confidential-Attorneys' Eyes Only information, and will not be disclosed by the individual school official to any other person not subject to the terms of the Stipulation and Protective Order.

(f) court personnel (i) if disclosure is necessary to allow counsel to fully and fairly represent the party or parties that they represent, and (ii) all court personnel present when disclosure is made in accordance with the procedures set forth in paragraphs 2(b) and 5 of this Order.

5. *Use of Confidential-Attorneys' Eyes Only information.*

(a) Each person who is authorized under paragraph 4 of this Order to receive information or documents designated as Confidential-Attorneys' Eyes Only

7

under this Order is permitted to use that Confidential-Attorneys' Eyes Only information or documents solely for the prosecution or defense (or in the case of court personnel, adjudication) of this litigation.

      (b) Information or documents designated as Confidential-Attorneys' Eyes Only, as well as portions of any pleading, motion, or memorandum that contain Confidential-Attorneys' Eyes Only information, will not be publicly filed with the Court but may be filed with the Court only under seal, in envelopes marked with the caption of this action and the words "SEALED PURSUANT TO ORDER OF COURT DATED [date of this Order]," and with the documents marked as sealed. Service of sealed documents may be effected by U.S. Mail or commercial carrier with the documents marked as sealed documents or by e-mail to counsel for the parties with a similar "SEALED" designation in the subject line of the e-mail. If a party plans to submit both Confidential-Attorneys' Eyes Only and nonconfidential information in support of or in opposition to a motion, the party may file without seal a nonconfidential brief that contains no Confidential-Attorneys' Eyes Only information and may file a separate brief under seal that contains Confidential-Attorneys' Eyes Only information.

      (c) Information or documents designated as Confidential-Attorneys' Eyes Only will not be disclosed in open court but may be disclosed only (i) in chambers, when only court personnel and persons enumerated in paragraph 4 of this Order are present, (ii) at a hearing closed to the public and open only to court

personnel and those persons enumerate in paragraph 4 of this Order, or (iii) as otherwise directed by the Court.

6. *Failure to Designate Confidential-Attorneys' Eyes Only Documents*

(a) A party who produces but fails to designate an item as Confidential-Attorneys' Eyes Only may later so designate the material. Such a later designation will be made in writing and must be made within ten days of the producing party learning of the need to designate the material. Upon receipt of such notice, the receiving party will thereafter treat the Confidential-Attorneys' Eyes Only documents in accordance with the designation. The receiving party will provide a copy of this Order and written notice of the corrected designation to any third parties who previously received the material.

7. *Duration of this Order.*

(a) After the conclusion of this litigation, this Order will remain in full force and effect, and each person who has received Confidential-Attorneys' Eyes Only information will continue to comply with and be bound by this Order. The Court retains jurisdiction to enforce this Order after the conclusion of this litigation.

(b) The terms of this Stipulation and Protective Order will, absent written agreement of the parties or Court Order, remain in full force and effect throughout and after the final resolution of this action, including until all appeals involving this action have been exhausted, the time to appeal in this action has expired, or the parties in this action have reached a final, court-approved settlement

of all pending claims between them ("Final Resolution"). Upon Final Resolution and no later than sixty (60) days after the Producing Party's request, counsel and the parties will use commercially reasonable efforts to either destroy or return all copies of Confidential-Attorneys' Eyes Only materials (including document productions and summaries thereof) to counsel for the Producing Party, and will certify that such destruction or return has been completed. Notwithstanding the foregoing, counsel for any party may retain one complete set of any such materials that were presented in any form to the Court, which either (i) if counsel maintain a paper copy, will be placed in an envelope or envelopes marked "Confidential-Attorneys' Eyes Only Subject to Protective Order," and to which will be attached a copy of this Order; or (ii) if counsel maintain an electronic copy, will be placed in a folder marked "Confidential-Attorneys' Eyes Only Subject to Protective Order," and which folder will also contain a copy of this Order. If Defendant or Defendant's counsel are requested to disclose publicly any Confidential-Attorneys' Eyes Only information pursuant to the Louisiana Public Records Act, Louisiana Open Meetings Law, federal Freedom of Information Act, or other open record law, a legal action, or otherwise, before doing so they will notify Doe Plaintiffs' counsel and counsel for the producing entity (if different) in sufficient time to allow that entity a reasonable opportunity to object to, or to take legal action to prevent, such disclosure. The termination of this litigation will not relieve any person or party provided

Confidential-Attorneys' Eyes Only Information of his, her or its obligations under this Order.

     8. Violations of this Order may be punishable as contempt of court, including through fines or incarceration.

IT IS SO ORDERED.


_____        Date:_____
HON. MARK L. HORNSBY
UNITED STATES DISTRICT JUDGE

11

IT IS SO STIPULATED.

        s/ William P. Quigley
Richard B. Katskee, D.C. Bar No. 474250*
Eric Rothschild, D.C. Bar No. 1048877*
(Trial Attorney)
Alison Tanner, D.C. Bar No. 230504*
AMERICANS UNITED FOR SEPARATION OF
CHURCH AND STATE
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 898-0957
katskee@au.org
rothschild@au.org
tanner@au.org

William P. Quigley, La. Bar No. 07769
LOYOLA UNIVERSITY NEW ORLEANS
7214 St. Charles Avenue
Campus Box 902
New Orleans, LA 70118
(504) 861-5591
quigley@loyno.edu

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

        s/ Jon K. Guice
Jon K. Guice, Bar Roll No. 20841
(Trial Attorney)
Neal Johnson, Bar Roll No. 23149
Justin M. Myers, Bar Roll No. 34005
HAMMONDS, SILLS, ADKINS & GUICE, LLP
1881 Hudson Circle
Monroe, LA 71201
(318) 324-0101
(318) 322-5375 facsimile

12

                        jguice@hamsil.com
                        jmyers@hamsil.com

*Attorneys for Defendants*

Dated: May 29, 2018

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DOES 1–7,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>BOSSIER PARISH SCHOOL BOARD and SCOTT SMITH in his official capacity as Bossier Parish Superintendent,<br><br>      *Defendants*. | Civil Docket No. 5:18-cv-152<br><br>CHIEF JUDGE HICKS<br><br>MAGISTRATE JUDGE HORNSBY |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

  I have received a copy of the Protective Order that has been entered in the above-captioned case. I have carefully read the provisions of the Protective Order and understand them. I agree to be bound by the Protective Order, and I will not use or disclose to anyone any information or documents designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY under the Protective Order except as explicitly permitted in the Protective Order. I submit to the jurisdiction of the United States District Court for the Western District of Louisiana for purposes of enforcement of the Protective Order. I understand that violation of the Protective Order can subject me to serious penalties, including contempt of court.

  Name

_____

1

Address

_____

_____

Signature

_____

Date

_____