# EXHIBIT F



**AMERICANS UNITED**
FOR SEPARATION OF
CHURCH AND STATE

(202) 466-3234
(202) 466-3353 (fax)
www.au.org

1310 L Street, NW
Suite 200
Washington, DC 20005

June 8, 2017

**By U.S. Mail**

Scott Smith, Superintendent
Bossier Parish Schools
P.O. Box 2000
Benton, LA 71006-2000

Teri Howe, Principal
Benton High School
6136 Highway 3
Benton, LA 71006

    Re:  *Prayers at graduation*

Dear Superintendent Smith and Ms. Howe:

    We have received a complaint that Benton High School includes prayers at its graduation ceremony. We understand that the May 20, 2017, ceremony began and ended with prayers from students. The prayers were delivered from the main podium as part of the graduation ceremony. We write to inform you that this conduct violates the Establishment Clause of the First Amendment to the U.S. Constitution, and to ask that you ensure that future graduations do not contain prayers.

    Public school districts must not take any action that communicates "endorsement of religion," *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 305 (2000), and must "not coerce anyone to support or participate in religion or its exercise," *Lee v. Weisman*, 505 U.S. 577, 587 (1992). Because students are impressionable and their attendance at school is mandatory, courts are "particularly vigilant in monitoring compliance with the Establishment Clause in elementary and secondary schools." *Edwards v. Aguillard*, 482 U.S. 578, 583–84 (1987). Parents—not school officials—are entitled to direct the religious upbringing of their children.

    The law prohibiting school-sponsored prayer at school events is clear. In *Lee*, the Supreme Court held that a school violated the Establishment Clause when "[a] school official, the principal, decided that an invocation and a benediction should be given" at graduation and invited a member of the clergy. 505 U.S. at 587. This

practice violated the Establishment Clause's prohibition against religious coercion. *Id.* Even if attendance at graduation is optional, "the State cannot require one of its citizens to forfeit his or her rights and benefits"—including the right to attend graduation—"as the price of resisting conformance to state-sponsored religious practice." *Id.* at 596.

The prohibitions against graduation prayer apply fully when the prayer is delivered by a student. In *Santa Fe*, the Supreme Court prohibited a public high school from holding student-led, student-initiated invocations at football games because—as here—"[t]hese invocations are authorized by a government policy and take place on government property at government-sponsored school-related events." 530 U.S. at 302. Federal appellate and district courts have thus repeatedly prohibited student-delivered prayers at school events, including graduation ceremonies. *See, e.g., Borden v. Sch. Dist.*, 523 F.3d 153, 176–78 (3d Cir. 2008) (team meals); *Lassonde v. Pleasanton Unified Sch. Dist.*, 320 F.3d 979, 983–84 (9th Cir. 2003) (graduation); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1102–04 (9th Cir. 2000) (graduation); *ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1479–80, 1487 (3d Cir. 1996) (en banc) (graduation); *Ingebretsen ex rel. Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 279–80 (5th Cir. 1996) (assemblies, sporting events, and other school events); *Collins v. Chandler Unified Sch. Dist.*, 644 F.2d 759, 761–62 (9th Cir. 1981) (assemblies); *Skarin v. Woodbine Cmty. Sch. Dist.*, 204 F. Supp. 2d 1195, 1198 (S.D. Iowa 2002) (graduation).

Accordingly, we ask that you ensure that future graduation ceremonies do not contain prayers or religious sermons. We would appreciate a response to this letter within thirty days. You may contact Bradley Girard at (202) 466-3234 or girard@au.org if you have any questions about this matter.

Sincerely,

Richard B. Katskee, Legal Director
Eric Rothschild, Senior Litigation Counsel
Bradley Girard, Steven Gey Fellow

2