# Exhibit H



Robert L. Hammonds
Kenneth F. Sills
Harold J. Adkins
Jon K. Guice, APC
Elmer G. Noah, II, LLC
Neal L. Johnson, Jr., LLC
Carla S. Courtney
Alejandro R. Perkins
Linda K. Ewbank
Wayne T. Stewart
Pamela Wescovich Dill
*(also admitted in Mississippi)*
Charles F. Hardie, VI
Melissa S. Losch
Evan M. Alvarez

# HAMMONDS, SILLS, ADKINS & GUICE, LLP
ATTORNEYS AT LAW

1881 Hudson Circle
Monroe, LA 71201
PH 318-324-0101
FX 318-322-5375
800-960-5297

www.hamsil.com

Danielle A. Boudreaux
Courtney T. Joiner
*(also admitted in Illinois)*
Monica M. Vela-Vick
*(also admitted in New Jersey & Pennsylvania)*
Justin N. Myers
Tyrell "Ty" Manieri, III
*(also admitted in Oregon)*
John R. Blanchard
Daniel B. Conway
Jonathan D. Blake

*Of Counsel*
Franklin V. Endom, Jr.

September 29, 2017

Richard B. Katskee, Legal Director
Americans United for Separation of
Church and State
1310 L Street NW, Suite 200
Washington, DC 20005

Re: Response to September 1, 2017 Correspondence

Dear Mr. Katskee:

Our law firm represents the Bossier Parish School Board (hereinafter, the 'School Board"), and, in that capacity, we have been asked to respond to you letter of September 1, 2017. In order to respond, we have conferred with members of the School Board's administration. Our review suggests that certain allegations presented in your correspondence require classification. A copy of the graduation program is enclosed herewith. Nevertheless, the School Board remains committed to complying with its obligations under the Establishment Clause of the First Amendment.

The Establishment Clause by no means imposes a prohibition on all religious expression in the public schools. *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 313, 120 S.Ct. 2266, 2281, 147 L.Ed.2d 295 (2000). Instead, the Establishment Clause only requires that a student' private message, which may be religious in character, be separated from a state-sponsored religious message. Based on controlling case law from the United States Fifth Circuit Court of Appeals, the School Board satisfies this standard, even if its students voluntarily provided a prayer at graduation. *See, e.g., Jones v. Clear Creek Indep. Sch. Dist.*, 977 F.2d. 963 (5th Cir. 1992).

The School Board is also cognizant of the ever-changing landscape of Establishment Clause jurisprudence. It intends to comply fully with any requirements imposed on it by the Establishment Clause, as interpreted by the controlling courts. The School Board will continue to monitor and review its graduation procedure for the current academic year and beyond to ensure that these requirements are satisfied.

Richard B. Katskee
September 29, 2017
Page 2

We trust that this response resolves any concerns raised in your September 1, 2017 correspondence.

With kindest regards, I remain

Very truly yours,

Jon K. Guice