EXECUTION COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
LOUISIANA SHREVEPORT DIVISION

DOES 1, 2, and 3,

*Plaintiffs*,

v.

BOSSIER PARISH SCHOOL BOARD and SCOTT SMITH in his official capacity as Bossier Parish Superintendent,

*Defendants*.

Civil Docket No. 5:18-cv-152

CHIEF JUDGE HICKS

MAGISTRATE JUDGE HORNSBY

# CONSENT DECREE AND ORDER

## INTRODUCTION

On July 6, 2018, Plaintiffs Does filed a Third Amended Complaint asserting claims pursuant to 42 U.S.C. § 1983 against Defendants, BOSSIER PARISH SCHOOL BOARD and SCOTT SMITH, in his official capacity as Superintendent of the Bossier Parish School District.

Plaintiffs' Complaint alleges that Defendants have a custom, policy, and practice of violating the Establishment Clause by, among other actions, incorporating official prayer into myriad school events; allowing staff and guest speakers to proselytize students during instructional time and at school events; subjecting students to religious iconography via displays in classrooms and other locations; holding school events at religious facilities; using instructional materials, such as choral music, that feature proselytizing and promotion of religion; and granting preferential treatment to religious student clubs.

Defendants have answered such complaint and continue to deny those factual allegations that were originally denied in their Answer to Plaintiffs' Third Amended Complaint and admit those factual allegations that were

originally admitted. Defendants specifically deny all allegations of wrongdoing asserted against Scott Smith and any other employee of the Bossier Parish School Board. Defendants admit there is sufficient factual and legal basis for entry of this Consent Decree. Plaintiffs confirm that all Defendants were sued solely in their official capacities and that no defendant has been named or found culpable in his or her personal capacity.

Religious liberty, as embodied by the Free Exercise Clause and the Establishment Clause of the First Amendment, and free speech are hallowed constitutional rights to which all are entitled. To ensure that the rights of Plaintiffs and all students, parents, and families are protected, as well as to avoid further costly and protracted disputes, the parties agree voluntarily to entry of this Consent Decree and Order.

The Court has reviewed the claims as to which Defendants have admitted liability and the terms of the parties' agreement set out in this Consent Decree. Other than this Court's rulings and findings made regarding this Consent Decree, the Court does not here decide any new legal or factual dispute concerning the matters presented. In adopting this Consent Decree, the Court believes that it comports with the current interpretations and applications of the United States Constitution by the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit. Concluding that the terms of the parties' Agreement are appropriate under the circumstances presented and that the entry of this Consent Decree comports with federal constitutional law, the Court therefore ORDERS, ADJUDGES, and DECREES as follows:

## ORDER

1. As agreed by the parties hereto, some of Defendants' District-wide policies, practices, and customs alleged in the Complaint violated the Establishment Clause of the First Amendment to the U.S. Constitution at the time of the filing of the original and amended complaints. Some of Defendants' policies, practices, and customs (a) endorsed and promoted religion, (b) had the purpose or effect of advancing religion, and/or (c) coerced religious exercise either directly or indirectly. The Clerk is directed, therefore, to enter judgment in favor of Plaintiffs.

Definitions

2. Definitions of capitalized terms used in this Consent Decree shall be the same as those terms are defined in Attachment A hereto, School Board Policy IKDC.

Equal Access Act

3. No provision in this Consent Decree is intended to supplant or alter the rights afforded student clubs by the Equal Access Act. School Officials, as defined in the Policy attached hereto as Exhibit A, will comply with the Equal Access Act, 20 U.S.C. § 4071 *et seq.*

Permanent Injunction

4. School Officials are permanently enjoined from promoting, advancing, endorsing, participating in, or causing prayers during or in conjunction with School Events for any school within the School District. This section shall in no way impede or otherwise impair students' First Amendment Right of Expression.

5. To effectuate this injunction, Defendants shall adopt, implement, and enforce the Policy in the form of Exhibit A attached hereto, entitled "Policy IKDC concerning Religious Expression and Activities on Campus and at School Events," which is an integral part of this Consent Decree and Order and is as binding as it would be if set forth in the body of the Consent Decree and Order.

6. Earlier versions of Policy IKDC, including the version passed on April 19, 2018, titled "Religious Expression and Activities on Campus and at School Events," and the Policy passed on October 3, 2013, titled "Prayer in Schools," are superseded by this Consent Decree and Order and deemed null and void henceforth.

Implementation

7. **Provision of Exhibit A to School Officials:** Defendants will provide a copy of Exhibit A to all current School Officials throughout the School District by electronic mail, in a policy manual, or during training. Defendants will provide a copy of Exhibit A to all persons who later become School Officials. The reporting provisions of Exhibit A will be explained to students of the School District at the same time and in the same manner that students are informed

of other reporting rights and procedures (e.g., bullying and harassment). Additionally, Exhibit A will be annually provided to School District parents by the same means that the School Board provides other information.

8. **Faculty Training and Education**: On or before September 1, 2019, Defendants will provide a training session, consisting of a recorded training video prepared jointly by two attorneys (one to be selected by counsel for Plaintiffs and one to be selected by Defendants, and together the "Joint Training Attorneys"), utilizing materials approved by both Joint Training Attorneys (the "Approved Training Materials"), to all certified or professional School District employees on the subject of Defendants' legal obligations under the Consent Decree. Defendants shall record the training session by video and make it available for review on the District's website. Thereafter, Defendants shall use the video recording of the training session and the Approved Training Materials for training of all newly hired certified or professional employees. Defendants shall develop a method to evaluate comprehension of the training session by such newly hired employees.

9. **Complaint Process**: Defendants will establish and maintain a process for investigating complaints submitted by students, parents, faculty, or staff regarding School Officials' promotion of religion. Such complaints must be submitted administratively within one (1) year of acquiring knowledge of the alleged violation; but for continuing violations, complaints must be submitted within one (1) year of the last known alleged violation. This process will allow for complaints to be submitted anonymously and will prohibit School Officials from retaliating against any complainant for submitting a complaint regarding School Officials' promotion of religion. School Officials will not prohibit or discourage any complainant from contacting Americans United for Separation of Church and State or any other organization to report potential violations of the Consent Decree, and nothing herein shall prohibit any such complaint. Nothing herein shall limit the time permitted for third parties to assert their rights under federal law.

10. In order to mitigate Defendants' need to hold school events in religious venues, Defendants shall make best efforts to contract for the use of, construct, or renovate one or more School Board facilities with adequate seating for large numbers of people, along with appropriate stage, ancillary equipment, restrooms, and other facilities appropriate for use by schools for school events and other uses as Defendants shall determine. Defendants shall provide monthly progress reports to the Monitoring Committee about such efforts.

11. **Transitional Rule:** The following procedure shall apply until September 1, 2019, superseding Exhibit A to the extent of any inconsistency. All forms requesting permission to hold school events in religious venues shall be transmitted to the Superintendent for his consideration in the first instance. Any such request must be provided to the Superintendent at least thirty (30) days before the proposed event. The Superintendent shall transmit to the Monitoring Committee all approvals immediately, and in no event later than twenty-five (25) days prior to the proposed event. The Monitoring Committee may overrule the approval by a vote of three (3) members, no later than five (5) days from the date of its receipt of the Superintendent's approval. If the Monitoring Committee fails to act within such five (5) day deadline, then any two members of the Monitoring Committee may apply to the Court for a decision, provided such application is submitted to the Court within ten (10) days of the Superintendent's approval.

Dispute Resolution and Monitoring Committee:

12. This Consent Decree is designed to ensure that the School District's practices and policies do not violate the First Amendment rights of students and parents in the School District, as currently interpreted and applied by the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit. The parties to this Consent Decree will endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree before bringing such matters to the Court for resolution.

13. To that end, there is hereby established a committee to monitor compliance with this Consent Decree (the "Bossier Parish Religious Freedom Monitoring Committee" or the "Monitoring Committee"). The Monitoring Committee shall be composed of four members, whose attendance shall be recorded in the minutes of the committee's meetings. Two members shall be appointed by counsel for the Plaintiffs, and two members shall be appointed by the Superintendent. Such members shall serve at the pleasure of the person or persons appointing them and may be replaced at any time. The Monitoring Committee shall meet as often as necessary and may act only by the affirmative votes of three (3) members. For the avoidance of doubt, the Monitoring Committee is being created by, and is answerable to, this Court, and it not answerable to or otherwise subordinate to the Bossier Parish School Board or the Superintendent. That portion of any Monitoring Committee meeting at which the complaints or concerns of a particular person are to be discussed, reviewed, or considered shall be held in executive session, and the

person(s) raising such complaints and concerns shall be referenced by their initials in all agendas, minutes or other documents resulting from such Monitoring Committee meeting. All members of the Monitoring Committee shall make their individual and collective best efforts to maintain the anonymity of any complainant.

14. On request of any member of the Monitoring Committee, the Superintendent will provide information reasonably available to him or herso that the Monitoring Committee may ensure School Officials' compliance with this Consent Decree and evaluate in context Defendants' guidance and interpretation of this Consent Decree and their enforcement efforts with respect to this Consent Decree.

15. The Court expects the Monitoring Committee to make its best efforts to resolve disputes concerning the implementation of the IDKC Policy or this Consent Decree within thirty (30) days of any such dispute being brought to its attention. If any such dispute is not resolved by vote of at least three (3) members within thirty (30) days, then any member of the Monitoring Committee may request review by the Courtof such dispute. Such a request shall be presented to the Court, which will then issue a final and binding order to resolve that dispute. The Court retains jurisdiction to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or nonperformance of certain acts.

Additional Relief

16. **Attorneys' Fees, Costs, and Litigation Expenses**: Pursuant to (a) 42 U.S.C. § 1988, (b) Rule 54, Federal Rules of Civil Procedure, and (c) Local Civil Rules 54.02 and 54.03, this Court concludes that Plaintiffs are the prevailing parties on the claims filed in this matter. The Court concludes that Defendants are liable for the Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses arising out of these claims in accordance with applicable law. The amount of attorneys' fees, costs, and litigation expenses has not been agreed to by the parties and remain in dispute. The Parties are directed to attempt to amicably resolve such amount before Plaintiffs may file a motion with this Court asking it to set such attorneys' fees, costs, and litigation expenses. The Court hereby extends the Plaintiffs seventy (70) days after entry of this judgment to file such a motion.

17. Nothing in this Consent Decree will be construed to limit any party's right to enforce this Consent Decree according to its terms. If any court of competent jurisdiction determines that any provision contained in this Consent Decree, or any part thereof, cannot be enforced, the parties agree that such determination will not affect or invalidate the remainder of the Consent Decree.

18. This Consent Decree will inure to the benefit of and be binding on the parties and their respective heirs, successors, and assigns.

19. The Clerk of the Court shall be instructed to close this case administratively. However, the Court retains jurisdiction of this case to consider any request by any party to enforce the terms of this Consent Decree and to consider motions by any party to amend, modify, or terminate the Consent Decree, which shall expire on August 1, 2031, unless extended by the Court *sua sponte*, or upon motion of either party or their counsel, for good cause shown under applicable law.

20. If this Consent Decree does not expressly prohibit conduct, then it is permitted as authorized by law.

SO ORDERED, this 6th day of March, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

EXECUTION COPY

THE UNDERSIGNED PARTIES, BY AND THROUGH COUNSEL, APPROVE AS TO FORM AND CONTENT AND REQUEST ENTRY OF THIS CONSENT DECREE:

By: ________________________________

Richard B. Katskee, D.C. Bar No. 474250* (Trial Attorney)
Alison Tanner, D.C. Bar No. 230504*
Sarah Goetz,** N.Y. Bar No. 5539366*
Americans United for Separation of Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-3234
katskee@au.org org; tanner@au.org; goetz@au.org
*Counsel for Plaintiffs Does 1–3*

William P. Quigley, La. Bar No. 07769
Loyola University New Orleans
7214 St. Charles Avenue Campus Box 902
New Orleans, LA 70118
(504) 861-5591
quigley@loyno.edu
*Counsel for Plaintiffs Does 1–3*

Kent A. Yalowitz, N.Y. Bar No. 2188944*
Daniel R. Bernstein, N.Y. Bar No. 4848107*
Arnold & Porter
250 West 55th Street
New York, NY 10019
(212) 836-8344
kent.yalowitz@arnoldporter.com; daniel.bernstein@arnoldporter.com
*Counsel for Plaintiffs Does 1–3*

Eliseo R. Puig, Colo. Bar No. 49022*
Holly K. Leeser, Colo. Bar No. 49873*
Arnold & Porter
370 17th Street, Suite 4500
Denver, CO 80202-1370
(303) 863-2373
eliseo.puig@arnoldporter.com; holly.leeser@arnoldporter.com
*Counsel for Plaintiffs Does 1–3*

*Admitted *pro hac vice*
**Admitted in New York only. Supervised by Richard B. Katskee, a member of the D.C. Bar.

EXECUTION COPY

By: ______________________________
Jon K. Guice, La. Bar No. 20841 (Trial Attorney)
Justin N. Myers, La. Bar No. 34005
Hammonds, Sills, Adkins & Guice, L.L.P.
1881 Hudson Circle
Monroe, Louisiana 71201
Phone: (318) 324-0101
Fax: (318) 322-5375
jguice@hamsil.com jmyers@hamsil.com
*Counsel for Defendants Bossier Parish School Board and Scott Smith*