FILE: IKDC

# RELIGIOUS EXPRESSION AND ACTIVITIES ON CAMPUS AND AT SCHOOL EVENTS

Bossier Parish schools educate students from a variety of religious and non-religious backgrounds, and it is the intent of this policy to respect the Constitutional rights of all students. In order to do so, the following guidelines are established:

<u>DEFINITIONS</u>

The following definitions shall apply to this policy. In construing these definitions, the singular shall include the plural and the plural shall include the singular:

1. *Club* means a noncurricular student group that is recognized by the School Board and that qualifies for protection under the safe-haven provisions of the *Equal Access Act* (20 U.S.C. §4071(c)).

2. *Monitoring Committee* means the Bossier Parish Religious Freedom Monitoring Committee established by the Consent Decree and Order in the case captioned *Doe v. Bossier Parish School Board*, No. 5:18-cv-152 entered in the United States District Court for the Western District of Louisiana.

3. *Prayer* means any religious message or communication (written or audible) with a deity, including, but not limited to, a benediction, invocation, prayer, blessing, inspirational message, sermon, devotional pledge, Bible reading, devotion or any other religious message or expression with a deity or any communication calling upon a deity to offer guidance, assistance, or a blessing. Accordingly, *prayer* does not include customary, polite expressions and greetings, including "God Bless You" or "Thank Heavens," or a student's religious expression responsive to a legitimate academic class assignment.

4. *Religious service* means a convocation for a religious purpose, including, but not limited to, baccalaureate, religious youth group meeting or event, church service, and Bible study.

5. *Religious venue* means a property, facility, building, or place that is maintained and controlled by or for a religious body that is organized, in whole or in part, to sustain public worship.

6. *Sanctuary* means a room used regularly for public worship in a religious venue and containing religious iconography such as a Latin cross or a stained glass window depicting a religious theme.

7. *School District* or *District* means the Bossier Parish School District.

8. *School event* means any activity or happening (i) at a School Board facility or (ii) sponsored, conducted, or supervised by a school official acting in his or her official capacity. It includes, but is not limited to, a graduation, grade-promotion ceremony, award program, induction ceremony, pep rally, competition, practice, performance, class instructional time, and a club meeting or event. However, the following activities are **not** a *School Event*:

   A. A student religious club meeting or event, if school employees and agents are only present at the meeting or event in a *nonparticipatory capacity*, as specified in the *Equal Access Act*;

   B. An activity at a School Board facility, if (i) it is outside the presence of School District students and (ii) no School Official acts in his or her official capacity; and

   C. An activity at a School Board facility that is used by a third-party pursuant to a standard facility use agreement.

9. *School official* or *official* means any member of the School Board, its officers, agents, and employees but only to the extent such a person acts in his or her official capacity. Outside organizations that receive no support from the School Board, do not receive remuneration of any kind from the School Board, are not controlled by the School Board, and are not given preferential treatment or access by the School Board are not school officials, *(e.g.* booster clubs when they satisfy these requirements).

10. *Official capacity* means only that conduct of employees in the performance of their official duties with the school district. A person acts in his or her *official capacity* when (1) performing official duties or furthering the work of the School Board or (2) acting under or with a power or authority granted by virtue of employment by or association with the School Board. However, where the only power or authority the school official exercises is the authority to be present at a School Board facility and the school official is not interacting with or in the presence of a student, then the school official is not in his or her *official capacity* by virtue of subsection (i)(2).

11. *Business day* means a day the Bossier Parish School Board Central Office is open.

SPEECH, LITERATURE DISTRIBUTION AND CLOTHING

Students in Bossier Parish schools shall have the right to express their ideas verbally and through the distribution of literature so long as their speech does not disrupt the ordinary operation of the school. The following policies shall govern student expression:

1. Students may verbally express their ideas during class so long as their verbal

   expressions are consistent with the subject matter being taught.

2.  Students may verbally express their ideas to other students during non-instructional time so long as their speech is not disruptive to the ordinary operation of the school and does not infringe on the rights of other students.

3.  Students may distribute literature during non-instructional time so long as the distribution is not disruptive to the ordinary operation of the school and does not infringe on the rights of other students.

4.  Students may wear symbols or articles of clothing which contain written or symbolic expressions so long as such symbols or clothing are not obscene and do not infringe on the rights of other students.

5.  Students may pray, discuss their faith, read the Bible or other religious texts, and invite others to participate in such student-lead activities during non-instructional time.

6.  As used in this section, the term "non-instructional time" means before or after school hours, between classes, during lunch or recess times, or during such times as may be set aside for student club meetings. Activities during a teacher-led student club shall not be deemed "non-instructional time" for purposes of this Policy.

7.  As used in this section, the phrase "does not disrupt the ordinary operation of the school" means that the speaker is the initiator and cause of disruption. This does not mean that other students must agree with the speaker. Disruption by other students in response to the student's expressions should not be construed to mean that the speaker is causing disruption. "Disruptive to the ordinary operation of the school" includes littering, forcing other students to listen by shouting or preventing passage, or engaging in speech activities during instructional time which are not consistent with the subject matter being taught.

8.  As used in this section, the phrase "infringe on the rights of other students" means defamatory expressions against another student.

While students are free to share and promote their personal religious beliefs pursuant to federal and state law, the School District and its officials may not endorse or sponsor religious activities in schools. For example, school officials are not permitted to encourage, solicit, invite, or arrange for any person, either implicitly or explicitly, to deliver or offer a prayer during or in conjunction with any school event; to set aside a time for prayer during or in conjunction with any school event; or to participate in or cause prayers to be offered during school or in conjunction with school events.

## STUDENT SPEAKERS AT SCHOOL EVENTS

If school officials select persons to make an address during or in conjunction with a school event, they shall do so by a selection process that is neutral with respect to religion. School officials shall contemporaneously document the neutral basis for any such selection in writing and maintain such records. The content of such student's address shall be left to the student, provided that it contains no lewd, indecent, obscene or vile content. To the extent that school officials permit a person during or in conjunction with school events to give an address that a school official does in any degree shape, review, or edit for content, substance, message, style, or theme, then school officials will ensure that the address excludes prayer, religious proselytization, and promotion of religion.

## OFF-SITE SCHOOL EVENTS

School events within the District may be held at off site venues only when a school venue is not available and reasonably suitable. All provisions of this policy shall apply to school events conducted off site.

When it appears necessary for a school event to be held at a religious venue, the secular justification for the use of the religious venue shall be documented by the school principal as follows:

1. the religious venue's physical address;
2. the religious venue's affiliation with a house of worship or congregation, if any;
3. the nature of the school event and the expected number of attendees;
4. why no school site is available or adequate for the event;
5. the amount that will be paid to use this religious venue;
6. the amount typically paid to use this religious venue, if known;
7. the distance between the applicable school and the religious venue;
8. a description of the other venues considered, and why they were not suitable for the School Event;
9. a statement as to whether all religious iconography or messages that would be otherwise visible to students at the Religious Venue during the School Event will be covered or removed for the duration of the event;.
10. the identity of the school officials involved in selecting the religious venue; and
11. a certification that no other, available venue that is not a religious venue would be reasonably suitable for this school event.

Such information shall be documented on the applicable district facility form, verified by the signature of at least one school official. A copy of such form shall be transmitted to the Monitoring Committee and to the superintendent's office or his designee for maintenance and review by the public.

School events within the District may not be held in at a religious venue without prior written approval of the Monitoring Committee and may not be held in the sanctuary of a

religious venue. The cost of using a nonreligious venue may not serve as the sole justification for holding a School Event at a Religious Venue.

Should a student or employee choose not to participate in an activity at a religious venue, an alternative assignment shall be offered.

PROMOTION OF PERSONAL RELIGIOUS BELIEFS

Pursuant to federal and state law, school employees are not permitted to promote their personal religious beliefs to students in class or during or in conjunction with a school event. In this regard, the following guidelines shall be in effect:

1. School employees shall not participate in any way in a prayer with students during or in conjunction with instructional periods or any school event. School officials shall not offer a prayer, recite a prayer alongside or with students, kneel, join hands or otherwise posture in a manner that is likely to be perceived as an endorsement of the prayer. If, during a prayer a school official chooses to remain still and silent with hands folded, as a sign of respect, such action shall not alone constitute an endorsement.

2. School officials during or in conjunction with a school event shall not solicit, encourage, or discourage students to engage in religious activity or attend a religious service.

3. School officials shall not express personal religious beliefs to students during or in conjunction with instructional time or any school event, either through oral, written or symbolic means. Nothing herein shall prohibit a teacher from using or referencing religious literature, quotations, articles, or symbols in class, if appropriate to the course or subject and if presented objectively, as part of a secular program of education.

4. Pursuant to prevailing court precedent, a school official is permitted to wear items of jewelry that may include symbols associated with religion.

5. School officials shall not solicit or invite any person to deliver or offer a prayer during or in conjunction with any school event.

TEACHING ABOUT RELIGION

The inclusion of religion in the study of history, culture, literature, music, drama, and art may be essential to a full and fair presentation of the curriculum. The inclusion of religious elements is appropriate as long as the material included is intrinsic to the field of study in which it is presented and is presented objectively.

The School Board's approach to teaching about religion shall be academic and not

devotional. Emphasis on religious themes in the arts, music, literature, and history shall be only as extensive as necessary for a balanced and thorough study of these areas. Such studies shall not foster any particular religious tenet nor demean any religious beliefs but shall attempt to develop mutual respect among students and advance their knowledge and appreciation of the role that religion has played in the social, cultural, and historic development of civilization.

Music, art, drama, and literature having religious themes or bases are permitted as part of the curriculum for school-sponsored activities and programs, if presented objectively. For instance, a music curriculum may expose students to a full array of music culture, and an instructor may select such pieces as would be useful to teach a variety of music skills.

Pursuant to prevailing court precedent, the School Board allows for student courses and instruction in the study of comparative religion and/or the history of religion and its relationship to the advancement of various aspects of civilization. For instance, the presentation and study of the Bible for its literary and historic qualities, when presented objectively as part of a secular program of education, is permitted by law and this policy.

A parent or person standing in parental relation may remove the parent's child from a class or other school activity that conflicts with the parent's religious or moral beliefs, if the parent presents or delivers to the teacher a written statement authorizing the removal of the child from the class or other school activity. At the same time, a parent or person standing in parental relation is not entitled to remove the parent's child from a class or other school activity to avoid a test or to prevent the child from taking a required subject for an entire semester. This policy does not exempt a child from satisfying grade level or graduation requirements.

## STUDENT CLUBS

Student clubs are a traditional and vital part of a student's educational process. These nondiscriminatory guidelines shall govern the continued operation of student-initiated clubs.

1. No school shall deny equal access or a fair opportunity to, or discriminate against, any students who wish to conduct a meeting on the basis of the religious, political, philosophical, or the content of the speech at such meetings.

2. A school is a limited open forum whenever such school grants an opportunity for one or more noncurriculum-related student groups to meet on school premises during non-instructional time.

3. Schools shall be deemed to offer a fair opportunity to students who wish to conduct a meeting within its limited open forum, if such school uniformly provides that —

      A.    the meeting is voluntary and student-initiated;

      B.    there is no sponsorship of the meeting by the school, the School Board, or its agents or employees;

      C.    employees or agents of the school or Board are present at religious meetings only in a nonparticipatory capacity;

      D.    the meeting does not materially and substantially interfere with the orderly conduct of educational activities within the school; and

      E.    nonschool persons may not direct, conduct, or control the activities of student groups.

4.    School officials shall be present at student religious clubs only in a nonparticipatory capacity.  Nothing in this section shall be construed to limit the authority of the school or school employees to maintain order and discipline on school premises, to protect the well-being of students and faculty, and to assure that attendance of students at meetings is voluntary.

5.    The assignment of a teacher, administrator, or other school employee to a meeting for custodial purposes does not constitute sponsorship of the meeting or the participation in same.

6.    This policy shall in no way lessen or alter the rights afforded student clubs by the *Equal Access Act*.  School officials shall comply with said law at all times.

7.    The term "non-instructional time" means time set aside by the school for club meetings or time before actual classroom instruction begins or after actual classroom instruction ends.

## COMPLAINT RESOLUTION

Any student, parent of student, or any employee who believes this policy has been violated is encouraged to report the alleged acts of violation.  Complaints may be submitted anonymously to the school principal or to the Superintendent.

1.    Reports shall be investigated by the principal or the Superintendent, within ten (10) business days.

2.    If, following an investigation, it is determined that a violation has occurred, the principal or the Superintendent shall undertake necessary corrective action to preclude reoccurrence and shall provide the complaining party, if identified, with written notification of his/her findings.

FILE: IKDC

3. If the principal or the Superintendent has not resolved the complaint to the satisfaction of the complaining party within ten (10) business days, the complaining party may then bring the complaint to the attention of the Monitoring Committee (or a member thereof), formally or informally, which will attempt to resolve the complaint in accordance with its procedures.

4. The School Board prohibits retaliation against any individuals who file complaints or who participate in the investigation of complaints.

Revised:  October 3, 2013
Revised:  April 5, 2018

Ref: Consent Decree in *Doe v. Bossier Parish School Board*, No. 5:18-cv-152 (W.D. La.); La. Rev. Stat. Ann. §§17:2115, 17:2115.1, 17:2115.2, 17:2115.3, 17:2115.4, 17:2115.5, 17:2115.6, 17:2115.7, 17:2115.8, 17:2115.9, 17:2115.10, 17:2115.11; Board minutes, 10-3-13, 4-5-18.